**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DARRELL MOORE,** | ) | **CASE NO. 1:25 CV 2348** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **USPS/ DAVID STEINER,** | ) | **AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

*Pro se* Plaintiff Darrell Moore brings this action against the United States Postal Service and Postmaster General David Steiner. Plaintiff's Complaint is very brief. He states: "Priscilla Clark manager of USPS used a retired safety manager name on a test document to fail me on a web based test so I could not receive job as a tractor trailer driver and the person that gave was not qualified to give it to me." (Doc. No. 1 at PageID #: 4). He then states that he has "a vision disability and [his] ophthalmologist wrote a letter that stated [he] should not be on a computer for a long period of time." (Doc. No. 1 at Page 5). He does not specify a legal cause of action. For relief, he indicates he would like for the Court to "document fraud and deception against a person with a disability I should be rewarded the max since UPSP fired me." (Doc. No. 1 at PageID #: 5).

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). That Application is granted.

## II.  STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998)

### III.  ANALYSIS

Plaintiff's Complaint fails to meet the minimum pleading standards of Federal Civil Procedure Rule 8.  Federal Civil Procedure Rule 8 requires a Plaintiff to submit a short, plain and concise statement of his or her claims and relief.  To meet these minimum requirement, the Complaint must give the Defendants fair notice of what the Plaintiff's legal claims are and the factual grounds upon which they rest.  *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).  This Complaint does not contain any suggestion of the legal claims Plaintiff intended to assert and does not include sufficient facts to give the Defendant or the Court an indication of what might have happened to give rise to this case.  Without this crucial information, the Complaint fails to meet the minimum pleading requirements of Rule 8.  *Iqbal*, 556 U.S. at 678.

Moreover, the United States as a sovereign may not be sued without its consent, and the terms of that consent must be "unequivocally expressed."  *United States v. Mitchell*, 445 U.S. 535, 538 (1980).  Sovereign immunity extends to agents and officers of the United States to the extent they are sued in their official capacities.  *Spalding v. Vilas*, 161 U.S. 483, 498 (1896).  Congress defines the exact terms and conditions upon which the government may be sued and the terms of the United States' consent define the parameters of federal court jurisdiction to entertain suits brought against the United States.  *United States v. Orleans*, 425 U.S. at 814; *Honda v. Clark*, 386 U.S. 484, 501 (1967).  Before a suit against the United States or its agents or officers can proceed, Plaintiff must point to some statute waiving sovereign immunity for the type of suit which he is attempting to bring.  By not identifying a cause of action, he has not

-3-

demonstrated that the United States waived sovereign immunity for this type of case and this Court lacks subject matter jurisdiction to entertain it.

### IV.  CONCLUSION

Accordingly, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

12/17/2025

**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[1]    28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-4-